IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MELVIN MURPHY,

    Plaintiff,

v.     Civil Action No. 1:13-cv-655

CAPELLA EDUCATION CO., INC.,

    Defendant.

FILED OCT - 4 2013 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Capella Education Company's Motion to Dismiss Plaintiff Melvin Murphy's amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6). This Court granted Defendant's Motion to Dismiss Plaintiff's initial complaint on July 25, 2013, for failing to state a claim of fraud under the Virginia Consumer Protection Act ("VCPA"), Va. Code. § § 59.1-96 et seq. This Court allowed Plaintiff to file an amended complaint, which is at issue here.

Plaintiff enrolled in Defendant's Ph.D. program in organization and management in 2009. He sat for a comprehensive written exam in 2011, and failed it. He took a remedial writing course and sat for the exam a second time – failing it again. Defendant determined that Plaintiff plagiarized a quotation in

his submission. When Defendant offered the Plaintiff the chance to apply his doctoral credits toward a master's degree that did not require taking the exam again, Plaintiff refused on the grounds that he already possessed a master's degree. Rather than re-take the exam, Plaintiff sued the Defendant for fraud under the VCPA on April 30, 2013, in State Court, which was removed to this Court on the basis of diversity jurisdiction thereafter.

Plaintiff's amended complaint reasserts his fraud claim under the VCPA (Count I), as well as separate claims for fraud (Count II) and constructive fraud (Count III). Each claim arises out of the same alleged misrepresentations and concealments by the Defendant concerning Plaintiff's enrollment in the Ph.D. program.

Appearing to the Court that Defendant's Motion to Dismiss should be granted, this Court struck the case from the active docket on September 20, 2013.

The Plaintiff must plead all of his respective fraud claims with the particularity required by Fed. R. Civ. P. 9(b) – identifying the time, place, content, and maker of each alleged fraudulent circumstance. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). Plaintiff's respective claims are not supported with such particularity; he rather attributes the same indefinite statements to the

Defendant's various promotional materials and unidentified agents at indefinite times.

Failing to comply with Rule 9(b) constitutes a failure to state a claim under Fed. R. Civ. P. 12(b)(6).  See Harrison, 176 F.3d at 783 n.5.  Therefore, it is hereby

ORDERED that Defendant's Motion should be GRANTED, and an appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
October 4, 2013